IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. HANCOCK, | : | No.: 4:05-CV-2049 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Jones |
| | : | |
| PENN STATE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

## May 21, 2007

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The Court is in receipt of a letter, dated May 14, 2007, and authored by counsel for Plaintiff John Hancock ("Plaintiff"), Kathryn V. Chandless ("Ms. Chandless"). Therein, Ms. Chandless indicates that the letter is submitted on behalf of both her and counsel for Defendant Penn State University ("Defendant"), Katherine M. Allen ("Ms. Allen"). In the letter, counsel request that this Court rule on a discovery dispute without the parties submitting a formal motion.

After review of the letter and attached materials, we will accept counsels' invitation to rule based thereon. Indeed, although we typically prefer to issue rulings following the filing of formal motions, our review of the materials at issue

confirms that under these circumstances, the suggested manner of approaching this problem is commendable. Thus, in the interest of time, we will accept counsels' entreaties that we issue a ruling on the instant dispute based upon the materials that have been submitted.

## DISCUSSION:

Having reviewed all of the materials presented to us, namely, the redacted and un-redacted notes of psychologist Dr. David A. Macdonald, as well as the privilege log created by Plaintiff's counsel, we note that part of the reason the parties, and now this Court, are faced with this conundrum is that Plaintiff and his wife, Lu Vanderlin ("Ms. Vanderlin"), sought joint psychological treatment. Compounding that problem is the fact that Ms. Vanderlin and Plaintiff also apparently went to Dr. Macdonald for individual counseling, and that the notes from their individual sessions with Dr. Macdonald are commingled with the notes from the couple's joint sessions.

Despite the fact that the text of Dr. Macdonald's notes was sometimes unintelligible, we were able to easily ascertain that the marking "1:2" represented joint sessions, and that "1:1" represented individual sessions. Thus, our resolution of the disputed passages was guided initially by whether the session at issue involved both Plaintiff and Ms. Vanderlin, or one of them individually.

2

For all those sessions identified as "1:2," and, thus, involving the couple, we generally concluded that the redacted information is discoverable because nature of the notes made it too difficult to discern who spoke the information noted, and as such, we could not be sure that it was not said by Plaintiff.  Thus, as related to these sessions, we thought it best to err on the side of allowing discovery of this information, which can always be examined for admissibility at a later time. However, one exception to the aforementioned general rule was applied: clear justification for continued redaction, i.e. attorney-client privilege or Ms. Vanderlin's <u>sensitive</u> medical information.

On the other hand, for those sessions identified as "1:1," and, thus, involving only Ms. Vanderlin or Plaintiff, our task was easier.  Plaintiff's sessions were generally considered discoverable, unless the aforementioned special justifications for redaction applied.  On the other hand, Ms. Vanderlin's sessions were generally considered undiscoverable because her husband's filing of the instant suit, and deposition of Ms. Vanderlin as a result thereof, is not sufficient to waive this non-party's doctor-patient privilege.

With that in mind and with reference to the privilege log submitted by Plaintiff, we issue the following Order.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1.   The discovery dispute outlined in the letter dated May 14, 2007 is

     **RESOLVED** in the manner outlined in the Appendix attached

     hereto.[1]


                                        John E. Jones III
                                        United States District Judge

---

[1] If Plaintiff requests reconsideration of any of our rulings, she shall provide an interpreted and transcribed copy of the note(s) at issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN R. HANCOCK, | : | No.: 4:05-CV-2049 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Jones |
| | : | |
| PENN STATE UNIVERSITY, | : | |
| | : | |
| Defendant. | : | |

## APPENDIX

| Bates No. | Date | Resolution | Rationale |
|---|---|---|---|
| 272 | 5/26/99 | Discoverable | Note is largely unintelligible. To the extent that we can read it, the information does not appear privileged. |
| | 6/15/04 | Not discoverable | Phone call from Ms. Vanderlin regarding her medical condition. |
| 273-274 | 6/24/04 | Not discoverable | Regarding Ms. Vanderlin's nephew; regarding Ms. Vanderlin's medical condition. |
| 275 | 7/7 | Not discoverable | Ms. Vanderlin's session. |
| 280 | 9/8 | Not discoverable | Regarding Ms. Vanderlin's medical condition. |
| 281-282 | 10/11 | Not discoverable | Regarding Ms. Vanderlin's medical condition; attorney-client privilege ("ACP"). |

1

| | | | |
|---|---|---|---|
| 282-283 | 11/1 | Not discoverable | Ms. Vanderlin's session. |
| 289 | 2/21 | Not discoverable | Ms. Vanderlin's statements regarding she and her family's medical conditions. |
| 290 | 3/7 | Both | First paragraph is not discoverable because regarding Ms. Vanderlin's medical condition. Second paragraph's first sentence, which begins "John in okay mood" and ends "(her case)," is discoverable. |
| | 3/14 | Not discoverable | ACP. |
| 291 | 3/28 | Discoverable | Plaintiff's session. |
| 292 | 4/11 | Not discoverable | ACP. |
| 293 | 4/25 | Not discoverable | ACP. |
| 294 | 5/3 | Not discoverable | Regarding Ms. Vanderlin's medical condition. |
| 296 | 5/17 | Not discoverable | ACP. |
| 297 | 6/7 | Discoverable | Joint session and "both" in light mood. |
| 298 | 6/21 | Discoverable | Joint session and what "he feel[s]" feels goes to heart of Defendant's argument that there were external stressors on Plaintiff. |

2

| 300-301 | 8/2-8/16 | Not discoverable | Regarding Ms. Vanderlin's medical condition. |
| 302 | 8/23 | Not discoverable | ACP. |
| | 8/30 | Discoverable | Joint session and we cannot ascertain who was speaking. |
| 303 | 9/27 | Not discoverable | ACP. |
| 304-305 | 10/11-10/18 | Not discoverable | ACP. |
| 307 | 11/15 | Discoverable | Joint session and we cannot ascertain who was speaking. |
| 308-309 | 11/22-11/29 | Not discoverable | Regarding Ms. Vanderlin's medical condition. |
| 309 | 12/6 | Not discoverable | Regarding Ms. Vanderlin's medical condition. |
| | 12/13 | Discoverable | Plaintiff's session. |
| | 12/20 | Not discoverable | ACP. |
| 310 | 12/20 | Discoverable | Plaintiff's session. |
| 311 | 1/3-1/10 | Not discoverable | ACP. |
| 310-311 | 1/17 | Both | First section is discoverable because it relates to Plaintiff's medical condition. Second section is not discoverable because of ACP. |
| 313 | all sections | Not discoverable | ACP. |

3

| 315 | all sections | Not discoverable | ACP. |
|---|---|---|---|
| 316 | 2/14 | Discoverable | Plaintiff's session. |
| | 2/21 | Not discoverable | Ms. Vanderlin's session. |
| 317 | 3/7 | Not discoverable | ACP. |
| 318 | 3/20 | Not discoverable | ACP. |
| 320 | 4/25 | Discoverable | Joint session and we cannot ascertain who was speaking. |
| 321 | 4/25 | Discoverable | Joint session and we cannot ascertain who was speaking. |
| 321-322 | 5/9 | Not discoverable | Ms. Vanderlin's session. |
| 322-323 | 5/16 | Not discoverable | ACP. |
| | 5/23 | Not discoverable | Ms. Vanderlin's session and ACP. |
| 324 | 11/7 | Not discoverable | Ms. Vanderlin's session. |
| | 11/21 | Not discoverable | ACP. |
| 326 | | Not discoverable | Apparently Ms. Vanderlin's session. |
| 327 | 6/13 | Discoverable | Inasmuch as there is no indication that Ms. Vanderlin is alone, this is discoverable. |
| 328-329 | 6/27 | Discoverable | Joint visit involving general, innocuous medical information regarding Ms. Vanderlin. |

| | | | |
|---|---|---|---|
| 330 | 8/15 | Both | First section is not discoverable because of ACP.<br>Second section is discoverable because joint session. |
| 332 | 9/26 | Not discoverable | Regarding Ms. Vanderlin's family. |
| 333-334 | 10/1 | Not discoverable | ACP. |
| | 10/24 | Not discoverable | Regarding Ms. Vanderlin's medical condition. |
| 335 | 10/24 | Not discoverable | ACP. |
| | 11/7 | Not discoverable | Ms. Vanderlin's session. |